**UNITED STATES of America, Appellee,**

v.

**Kurt Stewart COPPOCK, Appellant.**

**No. 90–1561.**

United States Court of Appeals, Eighth Circuit.

Submitted Aug. 15, 1990.

Decided Nov. 14, 1990.

Rehearing Denied Dec. 19, 1990.

souri.

Mark L. McManigal, Mason City, Iowa, for appellant.

Ronald M. Kayser, Des Moines, Iowa, for appellee.

Before JOHN R. GIBSON, Circuit Judge, HEANEY, Senior Circuit Judge, and MAGILL, Circuit Judge.

JOHN R. GIBSON, Circuit Judge.

Kurt Stewart Coppock was convicted of manufacturing marijuana and manufacturing marijuana within 100 feet of a playground in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(vii), and 845a(a) (1988). The district court[1] sentenced him to serve two concurrent terms of five years in prison, followed by two concurrent periods of supervised release. The only issue on appeal is whether the district court erred in finding that Coppock was growing more than 100 marijuana plants in his home, a finding which triggered a minimum five-year sentence under 21 U.S.C. § 841(b)(1)(B). We conclude that the find-ing of the district court was not clearly erroneous, and we affirm the sentence.

Because of the limited issue on appeal, we provide only a brief synopsis of the facts. On July 14, 1989, two United States Marshals and Robert Warner, Chief of the Carter Lake, Iowa Police Department went to Coppock's home to conduct a structural inspection as part of a civil forfeiture proceeding. Upon entering the house, the officers spotted drug paraphernalia in the living room. At that point they suspended their investigation and arrested Coppock and an unidentified female for suspected illegal activity. After obtaining a search warrant, the officers thoroughly searched the house. In the southeast bedroom, they discovered a book explaining how to grow marijuana, a fan, bottles of distilled water, assorted heat lamps, a container of "Plant-Gro" and a wooden greenhouse structure in which Coppock was growing marijuana. The police videotaped and photographed the plants. Police Chief Warner testified that after discarding five smaller plants, he counted a total of 120 marijuana plants in the house. He uprooted these plants and placed them in a dark plastic bag.

At trial, Coppock admitted growing the plants, but denied there were 120, instead estimating the total to be around 70. He also asserted that he only grew the marijuana for personal use.

After a sentencing hearing, the district court made written findings of fact concluding that Coppock was growing 120 marijuana plants when he was arrested at his home. *United States v. Coppock*, No. 89–100, Slip op. at 2 (S.D. Iowa March 28, 1990) ("Findings of Fact on Sentencing Issues"). The court rejected Coppock's testimony "that he did not really know how many plants were growing, but was sure it was not more than 75" as not believable. *Id.* Judge Wolle found that the testimony of Police Chief Warner was credible and further stated that he had reviewed the plants that were placed in evidence in the plastic bag (Exhibit 44) and found them to

---

1. The Honorable Charles R. Wolle, United States District Judge for the Southern District of Iowa.

be consistent with Warner's testimony that the police had seized more than 100 plants from Coppock's home. *Id.*

On appeal, Coppock points out that the evidence of quantity came only from Warner's testimony. He argues that the government presented no physical evidence proving that he manufactured more than 100 marijuana plants, and that there were no photographs or videotape to substantiate the quantity. He argues that the government did not present any evidence showing that each of the alleged 120 plants was in fact marijuana. He further argues that "[t]he Court's viewing of Exhibit 44 outside the presence of the Appellee and the Appellant, is a direct violation of the Appellant's constitutional rights to cross-examine any evidence, regardless of the fact [sic] this Exhibit was admitted into evidence." (Appellant's Brief at 7).

The findings of the district court as to the quantity of marijuana must be considered under the clearly erroneous rule. *United States v. Brett,* 872 F.2d 1365, 1372 (8th Cir.), *cert. denied,* —— U.S. ——, 110 S.Ct. 322, 107 L.Ed.2d 312 (1989). *See generally Anderson v. City of Bessemer City,* 470 U.S. 564, 573–76, 105 S.Ct. 1504, 1511–13, 84 L.Ed.2d 518 (1985); Fed.R.Civ.P. 52(a) ("[f]indings of fact ... shall not be set aside unless clearly erroneous"). The district court's finding about the number of plants is based on a determination of the credibility of Coppock's and Warner's testimony. *Bessemer City* states that in circumstances "[w]here there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous," *id.* at 574, 105 S.Ct. at 1511, and that where the findings are based on credibility, even greater deference is required and such findings can virtually never be clear error, *id.* at 575, 105 S.Ct. at 1512. After reviewing the record, we are convinced that the district court findings were not clearly erroneous.

Furthermore, we do not believe that the district court erred in examining the plants outside the presence of the parties. Although the bag was not open, the plants were in evidence at the trial. The district court could examine this exhibit, as it could examine any other exhibit introduced at the trial, in determining the appropriate sentence. The district court did no more than find that the contents of the bag were consistent with Police Chief Warner's testimony, which it had found to be credible.

We affirm the judgment of the district court.