972 F.2d 353
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Blanche Elizabeth DYER, Appellant,
v.
UNITED STATES OF AMERICA, Appellee.
 No. 91-3567SI.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: June 22, 1992.
Filed: July 21, 1992.
 
 Before JOHN R. GIBSON, FAGG, and HANSEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Blanche Elizabeth Dyer appeals the district court's order denying her motion to vacate, set aside, or correct her sentence under 28 U.S.C. § 2255. We affirm.
 
 
 2
 Dyer first contends there is insufficient evidence of the quantity of drugs the district court attributed to her when calculating her base offense level. The district court's factual findings on the quantity of drugs attributable to Dyer are subject to the clearly erroneous standard of review. United States v. Coppock, 919 F.2d 77, 79 (8th Cir. 1990). Dyer and another witness, Patty Epperson, testified about the quantity of drugs involved in Dyer's offenses. The district court properly made its findings after determining Epperson's testimony was more credible than Dyer's contrary testimony. See id. (district court made findings on quantity of drugs involved based on credibility of defendant and another witness). "[When] there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." Anderson v. City of Bessemer City, 470 U.S. 564, 574 (1985). We thus reject Dyer's contention that the district court's findings are clearly erroneous and are based on insufficient evidence.
 
 
 3
 Dyer also contends her trial counsel was ineffective for failing to hold the Government to its burden of proof in establishing the validity of her earlier convictions. Dyer has failed to allege which convictions were deficient or invalid. Dyer has also failed to show how her trial counsel failed to hold the Government to its burden of proof, or how she was prejudiced by her counsel's performance. See Strickland v. Washington, 466 U.S. 668, 694-96 (1984).
 
 
 4
 Finally, Dyer contends the district court committed error in denying her request for an evidentiary hearing. Because Dyer has not asserted any factual or legal disputes the district court could not adequately resolve based on the records before it, we reject Dyer's contention. See Dall v. United States, 957 F.2d 571, 573 (8th Cir. 1992) (per curiam) (district court need not grant an evidentiary hearing when the defendant's contentions can be resolved by reference to the record).
 
 
 5
 Accordingly, we affirm. See 8th Cir. R. 47B.