**UNITED STATES of America, Appellee,**

v.

**Walter JOHNSON, a/k/a Walter O'Neal, Appellant.**

**No. 92–1140.**

United States Court of Appeals, Eighth Circuit.

Submitted June 8, 1992.

Decided Oct. 26, 1992.

Rehearing Denied Dec. 8, 1992.

**1298**

John Cullom, Kansas City, Mo., for appellant.

Peter Ossorio, Asst. U.S. Atty., Kansas City, Mo., for appellee.

Before JOHN R. GIBSON, Circuit Judge, HEANEY, Senior Circuit Judge, and BEAM, Circuit Judge.

PER CURIAM.

Walter Johnson, also known as Walter O'Neal, III, appeals the denial of his motion to withdraw his guilty plea. We affirm.

Johnson was indicted on one count of knowingly and intentionally possessing with intent to distribute fifty (50) grams or more of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A). The indictment was based upon an arrest at the Greyhound Bus Station in Kansas City, Missouri, at which time Johnson was in possession of 793.1 grams of a substance containing cocaine base.

At a hearing on June 29, 1989, conducted pursuant to Fed.R.Crim.P. 11, Johnson offered his plea of guilty which plea was accepted but only after very thorough questioning by the district judge on the issue of voluntariness. Johnson testified that, among other things, he was a high school graduate with "about a year of college," Appendix at 15; he was satisfied with the services of his lawyer, *id.* at 16; he was paid $1,000 to transport crack cocaine in his suitcase to Kansas City, Missouri; *id.* at 23; he brought the cocaine to Kansas City from Los Angeles by Greyhound bus to distribute it, *id.* at 24; and that he knew this was against the law. *Id.*

After acceptance of the plea, he was incarcerated at the Vernon County Jail in Nevada, Missouri, while a presentence report was being prepared. On July 27, 1989, he escaped from jail and was a fugitive until August 1, 1991.

After his August 1991 arrest, he filed a motion to withdraw the plea alleging ineffective assistance of his counsel, a federal public defender described by the district court at the plea change hearing as "probably the most experienced ... [d]efender we have in this part of Missouri." Appendix at 16. Johnson alleged that (1) his lawyer failed to locate an exculpatory witness; (2) the suitcase was not his and a woman passenger witness who would have helped him pursue this defense was not located by his lawyer; (3) he was not aware he could go to trial rather than plead guilty; (4) he was not informed by his lawyer that "no fingerprints were obtained off of the bag" with the cocaine; and (5) he was not in-

formed of the punishment range that could be imposed. Appendix at 40–41.

The motion was denied by the court in a carefully reasoned memorandum and order. Johnson renewed his motion at the time of the sentencing hearing. The district court reconsidered the motion and permitted him to proffer facts in support of his claims. The court also heard argument from counsel. The written plea agreement originally offered at the Rule 11 hearing· was received in evidence. It clearly contradicted part of Johnson's claims and allegations as did other parts of the record from the Rule 11 hearing. The court then discussed the sentencing hearing proffer and found that Johnson's statements and his various allegations were incredible. The court again denied the motion.

■ We agree with Johnson that the test for determining the appropriateness for withdrawal of a plea is set forth in *United States v. Boone,* 869 F.2d 1089 (8th Cir.), *cert. denied,* 493 U.S. 822, 110 S.Ct. 81, 107 L.Ed.2d 47 (1989). The factors to consider are:

   (1) whether defendant established a fair and just reason to withdraw his plea;

   (2) whether defendant asserts his legal innocence of the charge;

   (3) the length of time between the guilty plea and the motion to withdraw; and

   (4) if the defendant established a fair and just reason for withdrawal, whether the government will be prejudiced.

*Id.* at 1091–92 (footnote omitted).

■ It is also established that "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland v. Washington,* 466 U.S. 668, 689, 104 S.Ct. 2052, 2065, 80 L.Ed.2d 674 (1984).

■ On the record we have, it is clear that Johnson fails to pass the *Boone* test. His claims, coming after his testimony under oath at the Rule 11 hearing and after an escape period of over two years, are simply not believable. The district judge was correct in his denial of the motion to withdraw the plea.

The sentencing guideline calculation was carefully reviewed by the district court and was determined to be within a range of 235 to 293 months. The sentence actually imposed was the minimum period permitted by the guidelines absent grounds for a downward departure, which grounds did not exist in this case. We note, however, that Johnson had a criminal history rating of zero. This means that he will be incarcerated for the better part of 235 months (19 years, 7 months) for being a $1,000 drug "mule" on the drug-trade route between Los Angeles and Kansas City. In the absence of prior significant criminal conduct, this sentence seems excessive, but it is required by law.

Accordingly, the district court is affirmed.

HEANEY, Senior Circuit Judge, dissenting.

Walter Johnson, a 23–year–old black male, received a guidelines sentence of 235 months, of which he will serve sixteen years and eight months. As the majority points out, he was a courier who transported 793.1 grams of crack cocaine from Los Angeles to Kansas City. He was paid $1,000 for this assignment. Johnson has a juvenile record but no prior criminal convictions as an adult. There is no evidence that Johnson's participation was as anything other than a one-time courier.

I agree with the majority that the sentence "seems excessive," but I do not agree that it is required by law. On the basis of the facts in this case, the district court could have given Johnson a four-level reduction as a minimal participant or a two-level reduction as a minor participant. *See* U.S.S.G. § 3B1.2. Had that been done, his offense level would have been 32 or 34, which combined with a two-level increase for obstruction of justice would have called for a sentence of either 151 to 188 months or 188 to 235 months. Neither the probation office nor the district judge considered whether Johnson should be given a reduction for being a minimal participant. Though this circuit has affirmed the denial of such reductions when it has found that

the defendant was "more than a mere courier," *United States v. Regan,* 940 F.2d 1134, 1136 (8th Cir.1991), or when a significant amount of drugs is involved, *see United States v. Garvey,* 905 F.2d 1144, 1146 (8th Cir.1990), it has always noted that it is simply reviewing a factual determination made by the district court. In this case, no such determination was made. Thus, I would remand the case to the district court with directions to consider whether Johnson should be given a reduction as a minimal or minor participant.

This circuit, over my objection, has sustained the constitutionality of the guideline section with respect to crack cocaine. *See United States v. Willis,* 967 F.2d 1220, 1226 (8th Cir.1992) (Heaney, J., concurring). In this case, had Johnson transported powder cocaine, he would have had a base level of 26, which with a two-level enhancement for obstruction of justice, would have resulted in a maximum sentence of 97 months, with a mandatory minimum of five years. *See* U.S.S.G. § 2D1.1(c)(9); 21 U.S.C. § 841(b)(1)(B) (1988). I continue to believe that the Sentencing Commission has failed to provide a rational basis for the distinction between powder and crack cocaine and that the present policy is racially discriminatory.

Finally, I note that the cost to the government of incarcerating Johnson over sixteen years and eight months will be approximately $427,208.[1] Surely, there are more productive ways to use this money in the war against drugs—ways that may salvage a young man and protect our citizens.

---

[1]. This determination is made based on $20,000 per year at three-percent inflation per annum. *See* Briefing Materials, Federal Bureau of Prisons (August 1992).