UNITED STATES of America, Plaintiff,

v.

Lonnie Eugene HUGHES, Defendant.

Crim. No. 3–92–115.

United States District Court,
D. Minnesota,
Third Division.

June 3, 1993.

James Lackner, Asst. U.S. Atty., Minneapolis, MN, for plaintiff.

Andrea George, Public Defender, Minneapolis, MN, for defendant.

## STATEMENT OF REASONS FOR IMPOSING SENTENCE

MAGNUSON, District Judge.

### I. FINDINGS OF FACT

Pursuant to the Federal Rules of Criminal Procedure, the probation office has conducted an extensive presentence investigation (PSI) in this matter. *See* Rule 32(c), Fed. R.Crim.P.; 18 U.S.C. § 3552. There are numerous objections to the PSI report. With the exceptions noted below, the court adopts the PSI and its addendum (dated March 12, 1993) in their totality.

### II. PURPOSES

The defendant was convicted after a jury trial of two counts of possession with intent to distribute cocaine and one count of possession with intent to distribute a substance with a cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) & 841(b)(1)(B) and carrying a firearm during a drug trafficking offense, in violation of 18 U.S.C. § 924(c). The use and distribution of illegal drugs is a serious problem in the United States. The toll of this drug scourge, in terms of lost human lives and potential, as well as violent crime, is tremendous. Therefore, the court must impose a significant sentence to deter the use and distribution of illegal drugs and to punish the violation of laws aimed at reducing the pernicious influence of those drugs on our society. However, in this instance, the court strongly believes the draconian sen-

tence it is required to impose disserves the interests of justice and society.

After observing the defendant at trial and during his sentencing hearing, and reviewing his presentence investigation and the file in this matter, the court concludes that Lonnie Hughes is a decent person who became involved with cocaine and made the serious mistake of transporting significant amounts of crack and powder cocaine and carrying a gun to protect himself and the drugs. This is illegal and the defendant undeniably deserves to serve time in prison for his crimes. However, the defendant appears genuinely contrite and a very good prospect for reform and rehabilitation, which could make him a productive member of society at the end of his sentence. This is his first significant conviction—one of his two prior convictions was for stealing two packs of cigarettes, and the other was a misdemeanor. Prior to today, he had served no time in prison. Hughes also has a young daughter who will be college age by the time he is released from prison.

The sentencing guidelines and statutory mandatory minimum sentences conspire in this matter to require a sentence in excess of 13 years. The court has imposed the lowest sentence it believes is allowed by the sentencing guidelines, federal statutes and the law of the Eighth Circuit. As the defendant concisely and eloquently explained at sentencing, despite his earnest desire to put his life back on track, it may be well-nigh impossible to return to an ordinary, law-abiding life after 13 years in prison.

The court cannot see the social utility in forcing this young man, with substantial prospects for becoming a productive member of society, to serve such a lengthy prison sentence. The foreseeable costs to society of this incarceration are at least twofold. First, such lengthy incarceration substantially diminishes the likelihood that the defendant will be able to become a productive member of society upon his release. Second, the monetary cost to the American taxpayer of this incarceration will exceed $270,000.[1] Further, the non-rehabilitation purposes of incarceration—retribution, deterrence and incapacitation—would all be more than adequately served by a far shorter sentence. Both society and the defendant will pay a dear cost for this sentence and receive very little in return.

This court believes serious consideration of reform of mandatory minimum sentences is overdue. The excessive and pointless sentence imposed in this matter testifies to the need for reform. Our prison systems are overflowing and prison population projections continue to rise. It seems the strategy of harsh prison sentences has had little salutary effect in the national war on drugs. As Judge Heaney recently suggested in a similar case, "Surely, there are more productive ways to use this money in the war against drugs—ways that may salvage a young man and protect our citizens." *United States v. Johnson*, 977 F.2d 1297, 1300 (8th Cir.1992) (J. Heaney, dissenting).

## III. OBJECTIONS

The defendant objects to several findings of the PSI. Initially, the defendant contends that because his statements to law enforcement officers detailed in paragraph 12 of the PSI were inadmissible at trial because they were obtained in violation of *Miranda* requirements, they should not be included in the PSI. The court agrees that, although some circuit courts of appeals have held to the contrary, properly suppressed evidence should not be considered by the sentencing court. Therefore, paragraph 12 shall be deleted from the PSI. Defendant also contends that he should not be assessed a two-point offense level increase for obstruction of justice. The court finds that the defendant was less than candid on the witness stand regarding material facts and that a two-point offense level enhancement is appropriate.

1. This estimate is based on the Federal Bureau of Prisons' most recent annual average incarceration cost of $20,803 and 13 years incarceration. Even assuming some credit for "good time", this number substantially underestimates the cost to taxpayers of the defendant's incarceration, because the Bureau of Prisons considers neither the allocable capital costs of prisons nor the increases in costs due to inflation in its annual cost estimates.

The defendant argues that the criminal history score contained in his PSI overstates the seriousness of his history and thus a downward departure is warranted, pursuant to U.S.S.G. § 4A1.3(p.s.). The defendant's score places him in criminal history category II by virtue of a one-point conviction for stealing two packs of cigarettes and a one-point misdemeanor conviction in 1986. After review, the court concludes that the defendant's actual criminal history is significantly less serious than that of most criminal defendants in category II and that category II significantly over-represents the seriousness of his criminal history and the likelihood that he will commit further crimes. Therefore, a downward departure to criminal history category I is appropriate. *See* U.S.S.G. § 4A1.3(p.s.).

Finally, the defendant requests a downward departure on the ground that the mandatory minimum sentences imposed for possession of a cocaine-base substance (crack) are more harsh than those imposed for possession of powder cocaine. He argues that the sentencing differential creates a racially disparate impact and therefore violates the purposes of sentencing set forth in 18 U.S.C. § 3553, thus warranting a downward departure pursuant to U.S.S.G. § 5K2.0. The Eighth Circuit has upheld this sentencing differential several times. *See, e.g., United States v. Lattimore*, 974 F.2d 971 (8th Cir.1992). The court finds no suggestion in the majority opinions of the Eighth Circuit that it would rule any differently on a disparate impact challenge. Any departure on that ground is precluded by the clear direction of the Eighth Circuit.

## IV. APPLICATION OF THE GUIDELINES

The court determines that the applicable guidelines are:

| | |
|---|---|
| Total Offense Level: | 30 |
| Criminal History Category: | I (after departure) |
| Imprisonment Range: | 97–121 months |
| Supervised Release: | 4 to 5 years |
| Fine Range: | $15,000 to $2,000,000 |
| Special Assessment: | $200 |

## V. SENTENCE

Imprisonment for 97 months on counts 1, 2 and 3 and 60 months on count 4. The sentences must be served consecutively, resulting in a total term of imprisonment of 157 months. Supervised release for 5 years. During his period of supervised release, the defendant shall possess no firearms or other dangerous weapons. In addition to standard conditions of supervised release, the defendant shall participate in a program approved by the U.S. Probation Office for treatment of narcotic addiction and drug dependency. The program may include counseling and testing to determine whether defendant has reverted to the use of illegal drugs.

Special assessment of $200.

## VI. STATEMENT OF REASONS

The court imposes sentence outside the range otherwise applicable to this defendant and for this offense because it finds that the following mitigating circumstances exist which were not adequately considered by the Sentencing Commission and that these circumstances dictate a sentence different from that specified by the guidelines. The court granted defendant's motion for downward departure because criminal history category II significantly over-represents the seriousness of his criminal history and the likelihood that he will commit further crimes. *See* U.S.S.G. § 4A1.3(p.s.). The court therefore applied the range applicable to the defendant's offense level and a criminal history category of one. The court imposes sentence at the bottom of the guideline range because it provides more than adequate punishment for this defendant and these offenses.

Because defendant is essentially indigent, the court does not order him to pay a fine or pay costs of imprisonment and supervision. However, defendant must pay a $200 special assessment.