**UNITED STATES of America, Appellee,**

v.

**Eddie Lee CABBELL, Appellant.**

**UNITED STATES of America, Appellee,**

v.

**Loren Martin CRAIG, also known as Marty Cabbell, Appellant.**

Nos. 94–1864, 94–1965.

United States Court of Appeals, Eighth Circuit.

Submitted Aug. 9, 1994.

Decided Sept. 13, 1994.

Thomas Wolle, Cedar Rapids, IA, argued, for Loren Craig.

E. Daniel O'Brien, Cedar Rapids, IA, argued, for Eddie Cabbell.

Patrick Reinert, Asst. U.S. Atty., Cedar Rapids, IA, argued, for appellee.

Before McMILLIAN, Circuit Judge, HEANEY, Senior Circuit Judge, and LOKEN, Circuit Judge.

HEANEY, Senior Circuit Judge.

## I. BACKGROUND

Eddie Lee Cabbell and his nephew Loren Martin Craig, a/k/a Marty Cabbell, were charged by indictment with felony drug crimes. Craig was charged with distribution of cocaine base and conspiracy to make a building or room available for the distribution of drugs. 21 U.S.C. §§ 841(a)(1), 846, 856. Cabbell was charged with conspiracy to violate federal drug laws and possession of a firearm as a prior felon. *Id.;* 18 U.S.C. §§ 922(g), 924(a)(2). A jury found Craig not guilty of the distribution count and guilty of the conspiracy count. Cabbell was found guilty on each of the counts under which he was charged.

## II. DISCUSSION

### A. *Eddie Lee Cabbell*

#### 1. *Joint Possession Instruction*

■ The first argument Cabbell raises is that the district court erred in refusing to instruct the jury that joint purchasers and possessors of a controlled substance who intend to share the drugs among themselves may not be found guilty of distribution but only of simple possession. Cabbell contends that there was sufficient evidence to justify the joint possession instruction based on the witnesses at trial who testified that he was involved in multiple small joint purchases of crack cocaine. We do not believe that the trial court erred in refusing to give the requested instruction.

Cabbell relies on *United States v. Swiderski*, 548 F.2d 445 (2d Cir.1977), in which the defendants were charged with possession with intent to distribute cocaine. Relying on the principle that simple possession is a lesser-included offense of possession with intent to distribute, the court held that the defendants were guilty of simple possession and not guilty of possession with intent to distribute. *Id.* at 450, 452. This court has also found that " '[a] defendant is entitled to an instruction on a lesser included offense if: ... elements of the lesser offense are identical to part of the elements of the greater offense.' " *United States v. Brischetto*, 538 F.2d 208, 209 (8th Cir.1976) (quoting *United States v. Thompson*, 492 F.2d 359, 362 (8th Cir.1974)).

While it would not have been error to give the requested instruction, the court did instruct the jury that it could find Cabbell guilty of the lesser-included offense. This instruction gave the defendant everything to which he was entitled.

#### 2. *Buyer/Seller Instruction*

■ Cabbell's next argument is that the district court erred by failing to give his

requested instruction regarding buyer/seller relationships in a drug conspiracy and instead giving an instruction that Cabbell argues was improper.[1] We believe the court's instruction was proper.

 In reviewing the adequacy of the district court's jury instruction, three criteria are considered. *United States v. Montgomery*, 819 F.2d 847, 851 (8th Cir.1987). First, the instruction must inform the jurors of the essential issues and the permissible ways to resolve them. *Id.* Second, the defendant is "entitled to an instruction reflecting the party's theory of the case if a timely request is made and the proffered instruction is supported by the evidence and correctly states the law." *Id.* Finally, the district court has "wide discretion in formulating appropriate jury instructions." *United States v. McQuarry*, 726 F.2d 401, 402 (8th Cir.1984). A defendant is not entitled to an instruction that is particularly-worded so long as the instruction given by the court " 'adequately and correctly cover[s] the substance of the requested instruction.' " *United States v. Long*, 977 F.2d 1264, 1272 (8th Cir.1992) (quoting *United States v. Lewis*, 718 F.2d 883, 885 (8th Cir.1983)).

 The trial court's instruction was consistent with Eighth Circuit law. In *United States v. Prieskorn*, 658 F.2d 631, 635 (8th Cir.1981), this court stated that a conspiracy can be inferred from a defendant's individual participation where a large amount of drugs are involved, or where there is an ongoing relationship among the buyers and sellers. A defendant is not guilty of a conspiracy to distribute where "he made one purchase, knew only one of the alleged conspirators, and did not order the drugs he purchased." *United States v. Turner*, 975 F.2d 490, 498 (8th Cir.1992), *cert. denied*, —— U.S. ——, 113 S.Ct. 1053, 122 L.Ed.2d 360 (1993).

Instruction 16 set forth the elements of a conspiracy and instructed the jury on Eighth Circuit buyer/seller law by stating: "You are instructed that transient sales where the buyer is purchasing drugs for his own personal use and not for the purpose of distributing or delivering the purchased drugs to others does not in and of itself make the buyer a co-conspirator with the seller in the seller's drug distribution conspiracy."[2] This instruction clearly set forth the element we found missing in *Prieskorn*. We therefore affirm the district court.

*3. Quantity Determinations*

Cabbell's third argument is that the district court used unreliable testimony from three witnesses, Nicole Bachman, Deborah Michelfelder, and Rhonda Stolpe, to include 20 grams of cocaine base in determining his base offense level. The court included the 20 grams of cocaine base because it was not

---

1. Instruction 16 given by the court reads as follows:

> Each defendant has asserted as a theory of defense that to the extent he possessed cocaine it was possessed for his personal use and consumption only. Each defendant asserts that he had no intention of joining a conspiracy to distribute or possess with intent to distribute cocaine, cocaine base or marijuana. In order to prove that a buyer and seller were co-conspirators, the government must prove that they had an understanding about or agreed upon one or more of the alleged illegal common goals of the charged conspiracy.
> You are instructed that transient sales where the buyer is purchasing drugs for his own personal use and not for the purpose of distributing or delivering the purchased drugs to others does not in and of itself make the buyer a co-conspirator with the seller in the seller's drug distribution conspiracy. If, however, the buyer acquires the drugs from the seller intending to distribute or deliver the drugs to another person instead of using them for his or her own personal use, or if he or she purchases drugs from the seller as part of a continuing buyer/seller relationship, he or she may be, depending upon what the evidence shows, a co-conspirator with the seller in a drug distribution conspiracy. In order to prove that the buyer and seller were co-conspirators, the government must prove that they had an understanding about or agreed upon one or more of the alleged illegal common goals of the charged conspiracy. In determining whether or not they had such an understanding, you may consider all of the evidence concerning their relationship, including the frequency or infrequency with which they may have engaged in transactions, the quantities of drugs involved, if any, the course, duration, and extent of their conduct, if any, and any knowledge either had of the other's activities.

2. Cabbell's requested theory of defense instruction stated: "You are instructed that the relationship between a buyer and seller of drugs does not alone establish a conspiracy."

"difficult to believe ... that [Cabbell] was also supplying his prostitutes [the three women] with crack cocaine" based on the testimony of the three witnesses taken together and the testimony of other witnesses that he was running a house of prostitution and supplying others with cocaine base.

When reviewing sentences imposed under the Federal Sentencing Guidelines, factual findings of the district court will be overturned only if they are clearly erroneous.[3] *United States v. Lawrence,* 915 F.2d 402, 405 (8th Cir.1990). A " 'finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.' " *United States v. Williams,* 890 F.2d 102, 104 (8th Cir.1989) (quoting *United States v. Gypsum Co.,* 333 U.S. 364, 395, 68 S.Ct. 525, 542, 92 L.Ed. 746 (1948)). A district court's drug quantity determination for sentencing purposes is a factual finding subject to clearly erroneous review. *Lawrence,* 915 F.2d at 406. We believe the district court's quantity determinations were supported by the evidence and were not arbitrary.

A district court is required to approximate the quantity of the drugs in question when no drug seizure has taken place.[4] This court has previously considered witnesses' testimony in determining the quantity of drugs relevant to a defendant's offense. *United States v. Cassidy,* 6 F.3d 554, 557–58 (8th Cir.1993). Moreover, where the district court's findings "are based on credibility, even greater deference is required and such findings can virtually never be clear error." *United States v. Coppock,* 919 F.2d 77, 79 (8th Cir.1990).

In the case before us, the district court relied on the testimony of seven witnesses to reach Cabbell's quantity determination. Of these seven witnesses, the court approximated the quantities of Bachman, Michelfelder, and Stolpe to be sixty purchases of crack cocaine at $100 a purchase. The court then used the numbers "that probation uses, which is $300 per gram" to reach the figure of 20 grams. Sent. Tr. 107–08. Despite the fact that these three witnesses had "serious problems with credibility," the court still felt that a "very conservative approach" was used to reach the quantity of 20 grams based on the evidence and testimony presented at the trial. *Id.* at 108. Furthermore, the district court partially granted Cabbell's quantity determination objection by lowering his offense level from 32 to 30. Given this, we believe the district court's quantity determination is supported by a preponderance of the evidence.

Cabbell raises an additional argument that the court erred in not deducting any amount for his personal use of crack cocaine. We disagree. In *United States v. Brown,* 19 F.3d 1246, 1248 (8th Cir.1994), *cert. denied,* —— U.S. ——, 115 S.Ct. 100, —— L.Ed.2d —— (1994), this court held that in a drug conspiracy case it is not error to include purchases for personal use in a drug quantity finding. *See also United States v. Innamorati,* 996 F.2d 456, 492 (1st Cir.1993), *cert. denied,* —— U.S. ——, 114 S.Ct. 1073, 127 L.Ed.2d 391 (1994). Accordingly, the district court is affirmed.

### 4. Obstruction of Justice

Cabbell's final argument is that the district court's finding that he obstructed justice is not supported by the evidence. At the sentencing hearing, the trial court enhanced Cabbell's offense level by two levels for obstruction of justice.[5] U.S.S.G. § 3C1.1.

---

3. 18 U.S.C. § 3742(e)(4) (1994) states:
 The court of appeals shall give due regard to the opportunity of the district court to judge the credibility of the witnesses, and shall accept the findings of fact of the district court unless they are clearly erroneous and shall give due deference to the district court's application of the guidelines to the facts.

4. U.S.S.G. § 2D1.1, comment. (n. 12) states in part:
 Where there is no drug seizure or the amount seized does not reflect the scale of the offense, the court shall approximate the quantity of the controlled substance. In making this determination, the court may consider, for example, the price generally obtained for the controlled substance, financial or other records, similar transactions in controlled substances by the defendant, and the size or capability of any laboratory involved.

5. The court's reasons for giving a two-level enhancement for obstruction of justice were as follows:

Cabbell argues that both his testimony and the determinations made by the jury demonstrate that he did not obstruct justice. We agree with Cabbell that under these circumstances the increase was not proper.

■ On review, we will reverse a district court's factual finding in support of a section 3C1.1 enhancement only if it is clearly erroneous. *United States v. Clay*, 16 F.3d 892, 896 (8th Cir.1994). That section states: "If the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the investigation, prosecution, or sentencing of the instant offense, increase the offense level by 2 levels." Additionally, application note 1 to section 3C1.1 states, in relevant part: "In applying this provision in respect to alleged false testimony or statements by the defendant, such testimony or statements should be evaluated in a light most favorable to the defendant."

■ The district court found that Cabbell committed perjury because he "lied about a material fact in this case, that being the extent of his drug dealing." Sent. Tr. 109–10. In *United States v. Willis*, 940 F.2d 1136, 1140 (8th Cir.1991), *cert. denied,* —— U.S. ——, 113 S.Ct. 1411, 122 L.Ed.2d 782 (1993), this court stated that "[n]o enhancement should be imposed based on the defendant's testimony if a reasonable trier of fact could find the testimony true." During the trial, Cabbell made a number of admissions that he was involved in the prostitution business, used drugs at his home, and purchased crack cocaine from numerous drug dealers. Given these admissions and the findings of the jury, we believe that the district court did not evaluate Cabbell's testimony in a light most favorable to him as required by section

3C1.1, application note 1. Thus, we remand to the district court for resentencing.

**B. *Loren Martin Craig a/k/a Marty Cabbell***

*1. Sufficiency of the Evidence*

■ Craig first contends that the district court erred in holding there was sufficient evidence for the jury to find him guilty of conspiracy to violate 21 U.S.C. § 856. In reviewing this holding, we must view the evidence in the light most favorable to the government. *United States v. Wesley,* 798 F.2d 1155, 1157 (8th Cir.1986). After such review, we affirm the judgment of the district court.

■ Craig argues that the government did not produce evidence that he knowingly maintained the premises.[6] We disagree. The evidence showed that Craig lived at Eddie Cabbell's house and the Budget Hotel and paid rent to both with cocaine base and cash. In determining whether a person knowingly maintains a premises, "renting or furnishing the site" are relevant factors to consider. *United States v. Clavis,* 956 F.2d 1079, 1091 (11th Cir.1992), *cert. denied,* —— U.S. ——, 113 S.Ct. 1619, 123 L.Ed.2d 178 (1993). Moreover, the jury could have inferred that Craig "maintained the house because he lived there." *United States v. Onick,* 889 F.2d 1425, 1431 (5th Cir.1989). Based on the evidence, the district court did not err in holding that Craig maintained the premises.

■ Craig also argues that he did not use the residences for the purpose of conducting drug-related activities. Again we disagree. Testimony from three witnesses indicates that Craig was in possession of or sold co-

---

I believe that the defendant did commit perjury. I find that he did get on the stand; he was sworn to tell the truth; he lied about a material fact in this case, that being the extent of his drug dealing. He attempted to minimize and attempted to convince the jury that he was not involved in distribution of drugs to prostitutes. I find that to be totally inconsistent with the evidence. I find and believe that the defendant knew what he was doing. He knew that he was lying about a material issue in this case. He did willfully and with full knowledge of what he was doing, and that he was—obstructed justice in that regard.

Sent. Tr. 109–10.

6. The district court instructed the jury that the elements of 21 U.S.C. § 856 (1993) are:

*One,* a conspirator managed or controlled a building, room or enclosure, either as an owner, lessee, agent, employee or mortgagee; and *Two,* a conspirator knowingly and intentionally made such place available for the purpose of unlawfully manufacturing, storing, distributing, or using a controlled substance including cocaine, cocaine base or marijuana.

caine base from Eddie Cabbell's house, the Budget Host Hotel, and Sylvia Cabbell's house. Therefore, there was sufficient evidence for the district court to find that Craig conspired to violate section 856.

### 2. Single vs. Multiple Conspiracies

The next issue is whether the court erred in refusing to give a multiple conspiracy instruction as a theory of defense. The indictment charged that Eddie Cabbell, Sylvia Cabbell, Craig, and Ken Nickless conspired to commit the various drug offenses charged. Craig argued that there were multiple conspiracies rather than a single conspiracy and that he was entitled to a jury instruction to that effect. He reasoned that some drugs came into Fort Dodge from California, other drugs came from Detroit, the sources were totally unrelated, and the dealers in Fort Dodge acted independently from one another. Craig also argued that there was no evidence in the record that he participated in any way in any of the drug-related activities until 1993 at the earliest. The district court refused to give a multiple conspiracy instruction, stating that some of the defendants charged with being co-conspirators pleaded guilty and that, although there may have been multiple sources of cocaine, at least as far as these defendants were concerned there was a single conspiracy.

■ In determining whether a single or multiple conspiracy exists, we view the evidence in the light most favorable to the jury's verdict. *United States v. Baker*, 855 F.2d 1353, 1356 (8th Cir.1988), *cert. denied*, 490 U.S. 1069, 109 S.Ct. 2072, 104 L.Ed.2d 636 (1989). If the jury could have found one overall agreement that existed among the conspirators, even if many of them were not involved in all of the transactions, a single conspiracy is not precluded. *United States v. Lee*, 782 F.2d 133, 134–35 (8th Cir.1986).

■ Although the issue is a close one, we are not convinced that the district court erred in failing to give a multiple conspiracy

instruction. We agree with the district court that the fact that there may have been multiple sources of cocaine does not create multiple conspiracies, and the evidence here supports the view that those charged in this case were members of a single conspiracy, even though there may have been other drug conspiracies in the community. Despite the fact that "various defendants entered the conspiracy at different times and performed different functions, the conspiracy had one criminal objective: to sell large quantities . . . [of] drugs." *Baker*, 855 F.2d at 1357. A defendant may become a member of a conspiracy without participating in it at its inception "[w]hen, with knowledge of the conspiracy's existence he undertakes to further its design." *United States v. Lemm*, 680 F.2d 1193, 1205 (8th Cir.1982), *cert. denied*, 459 U.S. 1110, 103 S.Ct. 739, 74 L.Ed.2d 960 (1983). The evidence established a single conspiracy that Craig entered into in 1993, a "different time" from the two witnesses, Larson and Pettigrew, but with the same objective.

### 3. The Sentencing Issue

■ The final argument Craig raises is that the district court erred in sentencing him under U.S.S.G. § 2D1.8(a)(1),[7] because he did not participate in the actual distribution of drugs in the premises he maintained. Thus, he argues, he should have received a lesser sentence. In support of this position, Craig asserts that the jury did not reach a unanimous agreement on whether Craig participated in the distribution of drugs or used a communication facility to do so; rather it simply found that Craig had maintained premises for the distribution of drugs.

The district court rejected Craig's argument that the jury's unanimous verdict on only one of the four objects of the conspiracy showed that Craig did not participate in the underlying offense. The court said: "I think

---

7. This section provides:
 (a) Base Offense Level:
 (1) The offense level from § 2D1.1 applicable to the underlying controlled substance offense, except as provided below.
 (2) If the defendant had no participation in the underlying controlled substance offense other

than allowing use of the premises, the offense level shall be 4 levels less than the offense level from § 2D1.1 applicable to the underlying controlled substance offense, but not greater than level 16.

[Craig] did more than just rent a room in connection with this conspiracy and that therefore the applicable guideline is 2D1.8(a)(1)." Sent. Tr. 36–37.

We do not believe the district court's decision was clearly erroneous even though the jury did not specifically find beyond a reasonable doubt that Craig had participated in drug transactions on the premises. There are sufficient facts in the record to allow the district court to find by a preponderance of the evidence that Craig had done so. The jury convicted Craig of conspiring to violate 21 U.S.C. § 856, which prohibits maintenance or control of a building "for the purpose of distributing or using a controlled substance." Therefore, we affirm the district court.

## III. CONCLUSION

For the reasons stated above, we affirm the district court's decision not to give Cabbell's requested instructions on joint possession and on buyer/seller relationships in a drug conspiracy case. We also affirm the district court's quantity determination. We conclude, however, that the record does not support the district court's finding of obstruction of justice, and therefore we remand to the district court to resentence Cabbell. We affirm the district court's holding that there was sufficient evidence to find that Craig conspired to violate section 856. We also affirm the court's decision not to give a multiple conspiracy instruction. Finally, we affirm the court's decision to sentence Craig under U.S.S.G. § 2D1.8(a)(1) instead of § 2D1.8(a)(2).