United States Court of Appeals

**FOR THE EIGHTH CIRCUIT**

_____

No. 97-1047NE

_____

|  |  |  |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the District of |
| v. | * | Nebraska. |
| | * | |
| Ollie Perriman, also known as Sonny, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: May 19, 1997
Filed: July 11, 1997

_____

Before McMILLIAN, ROSS, and FAGG, Circuit Judges.

_____

PER CURIAM.


After several police officers and some of Ollie Perriman's associates testified about Perriman's role in a crack cocaine distribution network operating in Omaha, Nebraska, a jury convicted Perriman of conspiracy to distribute and possess with intent to distribute cocaine base in violation of 21 U.S.C. §§ 846 and 841(a)(1). Perriman appeals his conviction and life sentence, and we affirm.

The facts are not complicated. An Omaha police sergeant was on a late night patrol in a high drug-trafficking area when he was dispatched to investigate a possible burglary at a nearby business. As the sergeant approached the reported crime scene,

he saw Perriman and two other men standing near the front of the building. According to the sergeant, the men appeared to have a common purpose. When the sergeant turned on the flashing lights on top of his squad car, Perriman's companions started to leave. The sergeant got out of his patrol car and ordered the men to stay put. One of the men continued to walk away, but a second police car entered the parking lot and blocked the suspect's escape route. After checking the men's identifications, the sergeant recognized one of the men as a major crack dealer who was known to carry weapons. At that point, the officer in the second car told the sergeant that one of the fleeing suspects had placed a clear bag containing what looked like crack cocaine on the bumper of a parked truck. Fearing the suspects could be armed, the sergeant ordered two other officers who had arrived on the scene to conduct a pat-down search for weapons. These officers reported that Perriman appeared to have large bundles of cash in his front pockets. The sergeant asked Perriman if he had money in his pockets, and after Perriman said yes he was arrested and a sizeable sum of money was seized. Before Perriman was taken to jail, a field test confirmed the substance in the discarded bag was cocaine. Based on these facts, Perriman contends the district court should have suppressed the money.

An extended discussion of Perriman's fact-specific argument would serve no useful purpose because the controlling law is clear. Without doubt, Perriman's initial detention was justified by a reasonable suspicion of criminal activity, see United States v. Dawdy, 46 F.3d 1427, 1429-30 (8th Cir.), cert. denied, 116 S. Ct. 195 (1995), and the officers were entitled to conduct a limited pat-down search to discover whether Perriman was armed, see United States v. Atlas, 94 F.3d 447, 450 (8th Cir. 1996), cert. denied, 117 S. Ct. 1276 (1997). Once the bag containing a drug-like substance was found and the frisking officers felt the large bundles of cash in Perriman's pockets, the officers had probable cause to arrest Perriman without waiting for the results of the field test. See Dawdy, 46 F.3d at 1430. Thus, the wads of cash removed from Perriman's pockets were seized incident to a lawful arrest. See id. We need not consider Perriman's claim that his pre-Miranda acknowledgment about the money in

his pockets should have been suppressed because any error in admitting the remark was harmless in light of the strong evidence of Perriman's guilt. See United States v. Moore, 872 F.2d 251, 252 (8th Cir. 1989).

Having carefully reviewed the record, we conclude that Perriman's remaining contentions are without merit and deserve little or no discussion. Although Perriman's cocaine suppliers and distribution personnel changed from time to time, the district court properly refused Perriman's request for a multiple conspiracy instruction because the evidence supports only a single conspiracy revolving around Perriman. See United States v. Cabbell, 35 F.3d 1255, 1262 (8th Cir. 1994). Perriman and his array of coconspirators always pursued the common goal of obtaining cocaine from California for sale in the Omaha area. See id.; United States v. Pou, 953 F.2d 363, 369-70 (8th Cir. 1992); United States v. Davis, 882 F.2d 1334, 1341-42 (8th Cir. 1989). Contrary to Perriman's view, there is abundant evidence to support the jury's verdict on the conspiracy charge. Further, Perriman's assertions related to the admissibility of evidence offered by the Government, the prosecutor's closing argument, and the district court's rulings on Perriman's motions for a continuance to challenge the jury pool and for a new trial are without legal merit. As for Perriman's sentence, the district court's drug quantity determination is not clearly erroneous. See Cabbell, 35 F.3d at 1260. Indeed, the district court's ultimate tally was based on conservative estimates. Finally, we decline to consider several issues Perriman raises for the first time in his pro se brief. See United States v. Fregoso, 60 F.3d 1314, 1322 (8th Cir. 1995).

We thus affirm Perriman's conviction and sentence.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-3-