# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-1356

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Plaintiff - Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | Southern District of Iowa. |
| | * | |
| Greg Allen Johnson, | * | **[UNPUBLISHED]** |
| | * | |
| Defendant - Appellant. | * | |

_____

Submitted: June 11, 2002

Filed: August 16, 2002

_____

Before WOLLMAN, RICHARD S. ARNOLD and LOKEN, Circuit Judges.

_____

PER CURIAM.

Greg Allen Johnson appeals his conviction for conspiring to distribute methamphetamine in violation of 21 U.S.C. §§ 841(b)(1)(A) and 846. We affirm.

The superseding indictment charged Johnson with participating in a conspiracy to distribute methamphetamine from July 1997 to September 2000. At trial, the government presented testimony by numerous witnesses that Johnson was engaged in distributing methamphetamine during this entire period, though his suppliers and customers varied over time. Focusing on the change of suppliers that occurred when

Johnson's initial supplier was arrested in August 1998, Johnson argues that the evidence at trial established the existence of multiple conspiracies, a fatal variance in the government's proof. We disagree. "[T]he fact that there may have been multiple sources of [methamphetamine] does not create multiple conspiracies, and the evidence here supports the view that those charged in this case were members of a single conspiracy, even though there may have been other drug conspiracies in the community." United States v. Cabbell, 35 F.3d 1255, 1262 (8th Cir. 1994). In addition, a claim of fatal variance requires proof of prejudice, and "it is difficult to see how the defendant was prejudiced given that he was the sole defendant on trial and was . . . implicated in any other conspiracy the evidence could prove." United States v. Lopez-Arce, 267 F.3d 775, 781 (8th Cir. 2001).

Johnson further argues that the district court[1] erred in giving the multiple conspiracy instruction approved by this court in United States v. Adipietro, 983 F.2d 1468, 1475 (8th Cir. 1993), rather than a longer instruction requested by the defense. This contention is without merit. "If the evidence supports a single conspiracy, the failure to give a multiple conspiracy instruction is not reversible error." United States v. Roach, 164 F.3d 403, 412 (8th Cir.), cert. denied, 528 U.S. 845 (1999).

The judgment of the district court is affirmed.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.

---

[1]The HONORABLE HAROLD D. VIETOR, United States District Judge for the Southern District of Iowa.