UNITED STATES of America, Appellee,

v.

Jimmie Bruce WALKER, Appellant.

No. 89–1530.

United States Court of Appeals,
Eighth Circuit.

Submitted Sept. 14, 1989.

Decided Sept. 29, 1989.

**1354**

Timothy McCarthy, Des Moines, Iowa, and Mark S. Cambiano, Morrilton, Ark., for appellant.

Ronald M. Kayser, Des Moines, Iowa, for appellee.

Before McMILLIAN, Circuit Judge, HEANEY, Senior Circuit Judge, and FAGG, Circuit Judge.

PER CURIAM.

Jimmie Bruce Walker pleaded guilty to charges of conspiracy to distribute marijuana, 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), 846 (1982 & Supp. IV 1986), and distribution of marijuana, 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C) (1982 & Supp. IV 1986). Using the United States Sentencing Guidelines, the district court sentenced Walker to thirty-three months in prison and three years of supervised release. Walker appeals, and we affirm.

█ Initially, Walker contends the district court violated the Constitution's ex post facto clause by sentencing him under the guidelines for a conspiracy formed before the guidelines took effect. *See Miller v. Florida,* 482 U.S. 423, 430, 107 S.Ct. 2446, 2451, 96 L.Ed.2d 351 (1987). We disagree. Conspiracy is a continuing offense. *United States v. Stewart,* 878 F.2d 256, 259 (8th Cir.1989). Thus, a court may sentence a conspirator under the guidelines if the conspiracy continued after the guidelines became effective. *Id.; United States v. White,* 869 F.2d 822, 826 (5th Cir.), *cert. denied,* — U.S. —, 109 S.Ct. 3172, 104 L.Ed.2d 1033 (1989). Because Walker pleaded guilty to a conspiracy that continued through January 25, 1988, and the guidelines apply to offenses committed after November 1, 1987, Walker's guidelines sentence is not ex post facto.

Walker also contends he should be sentenced like a coconspirator who withdrew from the conspiracy before the guidelines took effect. Unlike the coconspirator, Walker pleaded guilty to a count charging him with a conspiracy continuing through January 25, 1988. Walker also stipulated that he committed an act in furtherance of the conspiracy on that date. Thus, Walker's contention that he should be sentenced under the preguidelines system is without merit.

█ Finally, despite his plea of guilty to a drug charge involving distribution of 150 pounds of marijuana, Walker argues the district court erroneously refused to reduce the offense level on the ground he was a minor participant. *See* U.S. Sentencing Guidelines § 3B1.2(b) (Oct.1987). This argument is also without merit. The district court properly refused to grant Walker's request for a reduction.

We affirm.