**UNITED STATES of America, Appellee,**

v.

**Thomas John MASON, Appellant.**

**No. 89–1479.**

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 14, 1989.

Decided May 7, 1990.

---

David M. Dudley, Los Angeles, Ca., for appellant.

Richard E. Monroe, Springfield, Mo., for appellee.

Before ARNOLD, FAGG, and MAGILL, Circuit Judges.

FAGG, Circuit Judge.

A jury convicted Thomas John Mason of conspiracy to distribute cocaine and possession with intent to distribute cocaine. On appeal, Mason contends the district court committed error in excluding a defense witness and in failing properly to instruct the jury. Mason also contends his sentence is constitutionally flawed. We affirm.

Mason was arrested after a search of his car revealed luggage containing over 195 pounds of cocaine. Mason claimed he was forced to transport the cocaine under threats of death to repay a personal debt to his supplier. At trial, Mason called his wife as a witness to testify about his drug problem, his frightened conduct, and their conversations about his drug activities during the time he was transporting narcotics. The district court disallowed the testimony of Mason's wife, however, because Mason's failure to include his wife on a witness list five days before trial violated an order requiring pretrial disclosure of witnesses.

Mason contends the district court's ruling impaired his constitutional right to have his wife testify in his defense. We disagree. The compulsory process clause of the sixth amendment does not absolutely prohibit exclusion of undisclosed defense witnesses. *Taylor v. Illinois*, 484 U.S. 400, 410, 108 S.Ct. 646, 653, 98 L.Ed.2d 798 (1988). A district court's "interest in the orderly conduct of a criminal trial is sufficient to justify the imposition and enforcement of firm, though not always inflexible, rules relating to the identification and presentation of [witnesses]." *Id.* at 411, 108 S.Ct. at 653.

■ Although Mason contends he had not decided to call his wife as a witness in advance of trial, Mason made no effort to notify the government or the district court that his wife was in route from California to testify as an afternoon witness on the next day of trial. Because we believe the record permits a finding that Mason's failure timely to list his wife as a witness was "willful and motivated by a desire to obtain a tactical advantage that would minimize the effectiveness of cross-examination and the ability to [present] rebuttal evidence," *id.* at 415, 108 S.Ct. at 655, we cannot say the district court abused its discretion in refusing to accept Mason's explanation for violating the pretrial order. *See United States v. Gonzales*, 897 F.2d 504, 506 (10th Cir.1990) (in the absence of findings, a district court ruling will be upheld if supported by any reasonable view of the evidence); *see also United States v. Williams*, 604 F.2d 1102, 1121 (8th Cir. 1979).

■ Even if the district court's sanction was unnecessarily harsh, it did not amount to reversible constitutional error. *See Satterwhite v. Texas*, 486 U.S. 249, 256, 108 S.Ct. 1792, 1797, 100 L.Ed.2d 284 (1988). The district court's ruling did not compromise the underlying fairness of Mason's trial because the testimony of Mason's wife, which corroborated his own, was marginally relevant, clearly cumulative, and otherwise inadmissible under the rules of evidence. *Taylor*, 484 U.S. at 410, 108 S.Ct. at 653; *see also id.* at 424, 108 S.Ct. at 660–61 (Brennan, J., dissenting).

Mason next contends the district court committed plain error when the court instructed the jury that "mere presence at the scene of a crime and association with the illegal possessor" was not enough to support the conviction of Mason's codefendant. Mason argues this instruction was tantamount to telling the jury that Mason was the illegal possessor. Mason's contention lacks merit. Improper jury instructions rarely constitute plain error, *see Jones v. Board of Police Comm'rs*, 844 F.2d 500, 504 (8th Cir.1988), *cert. denied,* — U.S. —, 109 S.Ct. 2434, 104 L.Ed.2d 990 (1989), and we apply the plain error rule to jury instructions only when it is necessary to prevent a miscarriage of justice, *United States v. Roberts*, 844 F.2d 537, 547 (8th Cir.), *cert. denied,* — U.S. —, 109 S.Ct. 172, 534, 102 L.Ed.2d 141, 565 (1988). We have considered the instructions as a whole, without undue emphasis given to any one of them, and we conclude there is no plain error.

Mason finally contends that 18 U.S.C. § 3553(e) violates the separation of powers doctrine by delegating to prosecutors the authority to control when district judges may consider a defendant's cooperation with the government as a mitigating factor in sentencing. We have already rejected this contention. "[A] sentencing scheme [requiring] a government motion for a [reduction in sentence] based on substantial assistance does not usurp the judicial function." *United States v. Grant*, 886 F.2d 1513, 1514 (8th Cir.1989) (motion requirement under U.S.S.G. § 5K1.1 does not violate separation of powers); *see also United States v. Coleman*, 895 F.2d 501, 504 (8th Cir.1990) (requirements of section 3553(e) and U.S.S.G. § 5K1.1 that government must file a motion before sentencing court may depart downward for substantial assistance are identically construed).

Having carefully considered all of Mason's contentions, we affirm the district court.