**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Arthur Anthony GARVEY,**
**Defendant–Appellant.**

**No. 90–5005.**

United States Court of Appeals,
Eighth Circuit.

Submitted May 15, 1990.
Decided June 11, 1990.

Michael O'Neal, Fargo, N.D., for defendant-appellant.

Gary Annear, Fargo, N.D., for plaintiff-appellee.

Before LAY, Chief Judge, WOLLMAN, Circuit Judge, and STUART,[*] Senior District Judge.

PER CURIAM.

Arthur Anthony Garvey appeals his sentence imposed by the district court[1] upon his guilty plea to distributing hashish oil. Garvey was sentenced to 54 months (4½ years) imprisonment followed by 3 years supervised release, and a $50 special assessment. We affirm.

## I. BACKGROUND

The Presentence Report (PSI) shows Garvey flew from Ft. Myers, Florida, to Fargo, North Dakota, with 8,130 grams (8.13 kilograms) of hashish oil which he exchanged with a Canadian citizen for $37,000 in Canadian currency. Garvey was arrested at the airport when he attempted to fly back to Florida. He told the arresting agents he was a resident of Jamaica and he was hired as a courier by John, a person he met in Jamaica. Garvey also acknowledged making one other trip to North Dakota for John.

The PSI calculated Garvey's base level at 28. Guidelines § 2D1.1(c)(8) (8–13.9 kilograms of hashish oil). Garvey received a 2-level reduction for acceptance of responsibility because he acknowledged his wrongdoing, appeared to be remorseful, and cooperated with authorities. Garvey also received a 2-level reduction for being a minor participant, Guidelines § 3B1.2(b), because he was merely a courier and had no ownership interest in the hashish oil. The PSI noted that Garvey was not entitled to a 4-level reduction as a minimal participant, § 3B1.2(a), because he acknowledged acting as a courier in one other transaction and the instant transaction involved a substantial amount of drugs. Garvey's adjusted offense level of 24 and his criminal history category of I resulted in a range of 51–63 months.

At sentencing, Garvey argued he should have been given a 4-level reduction as a minimal participant or a 3-level reduction as falling between minimal and minor participation. He argued that the court could only consider his role in the instant offense. Garvey admitted making one other trip, but denied telling the agents that he made other such trips. The court adopted Garvey's interpretation of the Guidelines that it could only look to his role in the present offense. Although the court did not feel Garvey was innocent of the prior conduct because of the fact he was entrust-

---

[*] The Honorable William C. Stuart, Senior United States District Judge for the Southern District of Iowa.

1. The Honorable Rodney S. Webb, United States District Judge for the District of North Dakota.

ed this time with a large amount of drugs, the court struck the information regarding the prior occasion from the PSI. The court also accepted that Garvey was just a courier. Noting, however, commentary note 2 to § 3B1.2 which explains that the downward adjustment for a minimal participant would be used infrequently when for example an individual was a courier for "a single smuggling transaction involving a small amount of drugs," the court considered the amount of hashish oil involved in the instant transaction large, and the 2-level reduction sufficient. Garvey attempted to persuade the court to adopt the lower end of the range because he was a minor participant. The court told Garvey it already considered his role by giving him the 2-level reduction, and sentenced him to 54 months.

On appeal, Garvey argues the sentencing court erred by considering drug quantity as a factor in determining his role in the offense because it is already a factor in his base level; by relying on drug quantity in denying a 3- as well as 4-level reduction; and by, in effect, considering his prior conduct when it considered his role in the instant offense.

## II. DISCUSSION

■ Participant status is a factual determination, not a legal conclusion, which turns upon culpability not courier status. Culpability is a determination requiring sensitivity to a variety of factors. *United States v. Ellis*, 890 F.2d 1040, 1041 (8th Cir.1989) (per curiam); *United States v. Franco–Torres*, 869 F.2d 797, 801 (5th Cir. 1989). But Garvey's argument involves a legal question as to whether quantity can be considered in determining culpability. The commentary to § 3B1.2 demonstrates that drug quantity is a relevant factor in this determination. This circuit and at least one other have upheld a district court's refusal to grant a minor and/or minimal participant reduction based solely on the significant amount of drugs involved. *See United States v. Walker*, 885 F.2d 1353, 1354 (8th Cir.1989) (per curiam) (150 pounds of marijuana); *United States v. Gallegos*, 868 F.2d 711, 713 (5th Cir.1989)

(100 grams of heroin); *United States v. Rojas*, 868 F.2d 1409, 1410 (5th Cir.1989) (497 grams of cocaine). Garvey's argument that the court could not consider the quantity of drugs in also denying a 3-level reduction is equally without merit.

■ The record does not support Garvey's argument that the district court improperly considered Garvey's prior conduct in refusing to grant a more than 2-level reduction for his mitigating role in the offense. In any event, the commentary's courier example noted above indicates prior conduct is another relevant factor. *See United States v. McCrary*, 887 F.2d 485, 488 (4th Cir.1989) (per curiam) (upheld refusal to grant reduction where defendant participated in prior deliveries and drug amount was substantial); *United States v. White*, 875 F.2d 427, 434 (4th Cir.1989) (upheld refusal to grant reduction where defendant participated in a prior drug transaction and was indispensable participant to charged transaction).

## III. CONCLUSION

■ In conclusion, we hold that the quantity of drugs with which the defendant was involved may be considered by the court in determining his role in the offense. The district court's finding that the defendant was a minor participant, rather than a minimal participant or in between was not clearly erroneous. The court did not err in refusing to grant a three or four offense level reduction under the guidelines.

Accordingly, the judgment is affirmed.