**UNITED STATES of America, Appellee,**

v.

**Kimberly HALL a/k/a Sandy Hall, Appellant.**

**No. 90–3064.**

United States Court of Appeals, Eighth Circuit.

Submitted Aug. 27, 1991.

Decided Nov. 12, 1991.

Michael Dwyer, St. Louis, Mo., argued, for appellant.

Stephen B. Higgins and Joseph M. Landolt, St. Louis, Mo., argued, for appellee.

Before JOHN R. GIBSON, Circuit Judge, HEANEY and BRIGHT, Senior Circuit Judges.

JOHN R. GIBSON, Circuit Judge.

Kimberly Hall appeals her sentence of 54 months imposed by the district court [1] upon her guilty plea to one count of aiding and abetting possession of cocaine with intent to distribute pursuant to 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) (1988) and 18 U.S.C. § 2 (1988). Hall argues that she is entitled to a three-level rather than a two-level reduction under United States Sentencing Commission, *Guidelines Manual*, § 3B1.2 (Nov.1990), because her participation fell between a "minor" and "minimal" role in the offense. We affirm.

On March 31, 1990, police arrested Michael C. Sailsmen, Hall's boyfriend and former co-defendant, as he attempted to sell approximately 137 grams of cocaine to an undercover officer in a car parked behind an apartment on Olive Street in University City, Missouri. Contemporaneously with the arrest of Sailsmen, agents executed a

1. The Honorable George P. Gunn, Jr., United States District Judge for the Eastern District of Missouri.

search warrant at the apartment, where they found Hall inside along with two others, approximately 108 grams of cocaine, $4,598.00 in cash, a triple-beam scale, three weapons, an adding machine and two boxes of baking soda. Baking soda is commonly used to adulterate cocaine.

After Hall's arrest, she cooperated with authorities and gave several statements regarding her knowledge of cocaine distribution throughout eastern Missouri. On April 1, 1990, she gave a written statement that said:

> I met Mike about 6 months ago. Mike and I have lived together for 5 months. I know Mike dilled [sic] drugs. Mike used 4350 Linton [another apartment] to deal coke. I handled the drug money for Mike. I handled the money only for things that called for I.D. I purchased two cars. I paid utility bills witch [sic] include telephone bills and rent. I would drop Mike at [the apartment on] Linton where he would sale [sic] drugs for Scully.[2]

In the presentence report, Hall's base offense level was set at 26 based on possession of approximately 696 grams of cocaine. The report added two levels for possession of a firearm and subtracted two levels for acceptance of responsibility. The total offense level was thus set at 26. During Hall's sentencing hearing, her attorney argued that because the presentence report described Hall as "the least culpable" person among the eight allegedly involved in the offense, she should qualify for a three-level reduction under U.S.S.G. § 3B1.2.

The court reduced Hall's offense level to reflect her lesser role in the offense, but dropped it by two levels rather than three.

■ Under U.S.S.G. § 3B1.2, a "minor participant" qualifies for a two-level reduction, a "minimal participant" qualifies for a four-level reduction, and "cases falling between" minor and minimal qualify for a three-level reduction. Application note 3 of section 3B1.2 defines a minor participant as one "who is less culpable than most other participants, but whose role could not be described as minimal." Application note 1 of the same section defines a "minimal participant" as one who is "plainly among the least culpable of those involved." Application note 2 provides examples of minimal participants, explaining that a minimal participant would be "someone who played no other role in a very large drug smuggling operation than to offload part of a single marihuana shipment," or someone who acted "as a courier for a single smuggling transaction involving a small amount of drugs."

The application notes do not give examples of the type of conduct that falls between "minor" and "minimal" and thus qualifies the defendant for a three-level reduction under U.S.S.G. § 3B1.2.

■ On appeal, Hall argues that she is entitled to a three-level reduction because there was no evidence that she ever bought or sold drugs, arranged drug sales or possessed drugs. Because Sailsmen was Jamaican, Hall handled purchases or transactions that required identification or citizenship. She asserts that there is no evidence that the items she procured were essential to Sailsmen's drug business. She further argues that she was only indirectly and occasionally involved in assisting the illegal activity and was not herself financially dependent on Sailsmen's drug business.

The government places a different cast on Hall's activities, arguing that her actions enabled those who actually sold the drugs to "freely spend and otherwise dispose of ill-gotten gains...." The government points out that Hall and Sailsmen used two apartments, including the one on Olive Street, to conduct their drug trafficking activities; that Hall rented the Olive Street apartment and paid the utility bills there; that Hall and Sailsmen jointly used a car registered to Hall under the alias "Sandy" Hall; and that on the day of Sailsmen's arrest, he drove the car registered to Hall from the Olive Street apartment to the

---

**2.** In a separate case, *United States v. Lynzel Scully,* No. 90–63Cr (1), the district court sentenced Scully to a term of 90 months plus four years of supervised release. The court also fined Scully $12,500.00.

other apartment. Moreover, agents observed Hall purchasing a quantity of baking soda on the day of her arrest. Because of these activities, the government contends Hall was at least a "minor" participant in the offense under the definition of U.S.S.G. § 3B1.2.

A sentencing court's determination of a participant's role in an offense is a factual finding subject to the clearly erroneous standard of review. *United States v. Phillippi*, 911 F.2d 149, 152 (8th Cir.1990), *cert. denied*, — U.S. —, 111 S.Ct. 702, 112 L.Ed.2d 691 (1991).

Based on Hall's participation in the financial side of Sailsmen's drug activities and her knowledge of the scope and structure of the enterprise, we conclude that the district court's finding that Hall was a "minor" participant was amply supported by the record. Hall's own statement revealed her knowledge of the drug distribution scheme and included her admission that she "handled the drug money" for Sailsmen and specifically handled the transactions "that called for I.D." Unchallenged statements in the presentence report detailed her connections to and activities with Sailsmen. When police arrested Hall at the Olive Street apartment that she rented and where she resided with Sailsmen, they found not only cocaine, but numerous items (cash, scale, adding machine, baking soda, and firearms) indicating the apartment was used to conduct Sailsmen's enterprise.

In *United States v. Garvey*, 905 F.2d 1144 (8th Cir.1990), we stated that participant status depends on culpability, which is a "determination requiring sensitivity to a variety of factors." *Id.* at 1146. Having evaluated the various factors indicating Hall's level of culpability, we see no reason to conclude that the district court clearly erred in finding Hall to be a minor participant.

For the foregoing reasons, we affirm the judgment of the district court.