5 F.3d 532
NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
 UNITED STATES of AMERICA, Appellee,
v.
Michelle FREISINGER, Appellant.
UNITED STATES of AMERICA, Appellee,
v.
Craig FREISINGER, Appellant.
 Nos. 93-1497, 93-1478.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: July 21, 1993.
Filed: September 9, 1993.
 
 Before JOHN R. GIBSON, MAGILL, and BEAM, Circuit Judges.
 PER CURIAM.
 
 
 1
 Craig and Michelle Freisinger, brother and sister, appeal the sentences imposed by the district court[1] following their guilty pleas to drug offenses. We affirm.
 
 
 2
 Pursuant to separate plea agreements, defendants each pleaded guilty to one count of conspiring to distribute cocaine and LSD within 1000 feet of a school during 1989, in violation of 21 U.S.C. Secs. 841, 845a, and 846. Craig's agreement provided that he would assist the government in its investigation of criminal activity in exchange for which the government would consider whether Craig's assistance was substantial and warranted a motion for a downward departure under either 18 U.S.C. Sec. 3553(e) or U.S.S.G. Sec. 5K1.1, p.s., or both.
 
 
 3
 The district court held separate sentencing hearings for defendants. The court rejected Michelle's request for a four-level minimal participant reduction for her role in the offense on the ground that she was aware of and assisted her brother in the drug-dealing activities, and she understood the nature and scope of the activities. See U.S.S.G. Sec. 3B1.2, comment. (n.1). The court concluded, however, that because her participation was limited to assisting her brother, she fell between minor and minimal participant status under Sec. 3B1.2 and was entitled to an intermediate three-level reduction. The court also granted Michelle an additional one-level reduction for acceptance of responsibility, resulting in a sentencing range of 41 to 51 months, and imposed a sentence of 41 months.
 
 
 4
 At the conclusion of Craig's hearing, the government informed the court it would not move for departure below the statutory minimum or the guidelines range. The prosecutor stated that Craig had met twice with government agents for debriefing sessions, had appeared before the grand jury once, and had testified at a trial.
 
 
 5
 While some of the information Craig provided had been helpful, the prosecutor indicated that it did not rise to the level of substantial assistance. Defense counsel requested that the court depart based on the assistance Craig had provided. The court declined to do so and sentenced Craig to 70 months.
 
 
 6
 On appeal, Michelle contends that the district court clearly erred by denying her request for the minimal participant reduction. Craig maintains that U.S.S.G. Sec. 5K1.1 and 18 U.S.C. Sec. 3553(e) are unconstitutional because the provisions vest in the prosecution sole discretion for evaluating a defendant's assistance.
 
 
 7
 We do not believe the district court clearly erred in denying Michelle's request for the additional one-level reduction. See United States v. Nelson, 988 F.2d 798, 809 (8th Cir. 1993) (standard of review). A minimal participant is one who is "plainly among the least culpable of those involved in the conduct of the group.... [T]he defendant's lack of knowledge or understanding of the scope and structure of the enterprise and of the activities of others is indicative of a role as minimal participant." U.S.S.G. Sec. 3B1.2, comment. (n.1). The record indicates that Michelle was aware of the scope of the enterprise and of the roles of the other participants. She also knew the drug supplier. This knowledge is inconsistent with minimal participant status under Sec. 3B1.2, comment. (n.1). See United States v. Hall, 949 F.2d 247, 249 (8th Cir. 1991). Moreover, while Michelle was clearly less culpable than her brother, the three-level reduction the district court granted her adequately accounts for the difference.
 
 
 8
 As for Craig's attack on the constitutionality of U.S.S.G. Sec. 5K1.1 and 18 U.S.C. Sec. 3553(e) on the ground that these provisions vest in the prosecutor sole discretion for evaluating a defendant's assistance, we have rejected the same argument in prior cases. See, e.g., United States v. Mason, 902 F.2d 1314, 1316 (8th Cir. 1990) (section 3553(e)); United States v. Grant, 886 F.2d 1513, 1514 (8th Cir. 1989). We also reject his contention that the district court erred by denying his request for the departure. Absent a government motion, the district court has no authority to depart on the basis of substantial assistance. United States v. Kelley, 956 F.2d 748, 751 (8th Cir. 1992) (en banc).
 
 
 9
 Accordingly, we affirm.
 
 
 
 [1]
 The Honorable Michael J. Melloy, Chief Judge, United States District Court for the Northern District of Iowa