_____

No. 95-3683

_____

United States of America,          *
                                    *
          Appellee,                 *
                                    *
     v.                             *
                                    *
Enrique Manjarrez-Padilla, also     *
known as Paco, also known as        *
Francisco Mendoza,                  *
                                    *
          Appellant,                *

_____                              Appeals from the United States
                                          District Court for the
No. 95-3685                               Western District of Missouri.

_____

United States of America,          *          [UNPUBLISHED]
                                    *
          Appellee,                 *
                                    *
     v.                             *
                                    *
Ramon Godoy Galindo,                *
                                    *
          Appellant.                *


_____

               Submitted: May 16, 1996

               Filed: June 11, 1996
_____

Before McMILLIAN, WOLLMAN, and MURPHY, Circuit Judges.
_____

PER CURIAM.


     Enrique Manjarrez-Padilla, Ramon Godoy Galindo, and others
transported various controlled substances from California to Kansas City,
Missouri, and distributed them between March 1993 and

December 1994.  Based on pleas of guilty, both were convicted on drug charges and Manjarrez-Padilla was convicted on a firearms charge.  In this consolidated appeal, each defendant appeals his sentence.  For the reasons set forth below, we affirm as to Galindo's appeal, and remand Manjarrez-Padilla's firearm conviction for further consideration.

**MANJARREZ-PADILLA**

Manjarrez-Padilla pleaded guilty to conspiracy to distribute marijuana, cocaine, and methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846, "using" a firearm during and in relation to a drug trafficking offense, in violation of 18 U.S.C. § 924(c), and criminal forfeiture, in violation of 21 U.S.C. § 853.  In the plea agreement the government agreed to file substantial-assistance departure motions under U.S.S.G. § 5K1.1, p.s., and 18 U.S.C. § 3553(e), if deemed appropriate. The plea agreement also provided that the district court could not reduce Manjarrez-Padilla's sentence below seven years (84 months).  At the May 1995 plea hearing, the district court accepted Manjarrez-Padilla's plea of guilty to the section 924(c) charge pursuant to the government's assertion it could prove the firearm was found near a scale and drug proceeds.

At Manjarrez-Padilla's October sentencing hearing, the court granted the government's previously-filed substantial-assistance motion under section 5K1.1 for the drug offense, and its motions under sections 5K1.1 and 3553(e) for the firearm offense.  As to the drug offense, the court departed downward to the statutory mandatory minimum and sentenced Manjarrez-Padilla to 120 months imprisonment. As to the firearm offense, the court sentenced Manjarrez-Padilla to 60 months imprisonment; the court departed downward by ordering the firearm sentence to be served concurrently--rather than consecutively--to the drug sentence.  The court sentenced Manjarrez-Padilla to a total of five years

supervised release.

On appeal, appointed counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967). The Anders brief suggests that pursuant to the plea agreement, Manjarrez-Padilla could not be sentenced to more than 84 months imprisonment. Although granted leave, Manjarrez-Padilla has not filed a supplemental brief.

We conclude the issue raised in the Anders brief is meritless, because the plea agreement did not provide for a specific sentence, but rather set forth the parties' stipulation that under no circumstances would Manjarrez-Padilla receive a sentence less than 84 months. In accordance with Penson v. Ohio, 488 U.S. 75, 80 (1988), we have reviewed the record to look for any nonfrivolous issues. In light of the Supreme Court's December 1995 decision in United States v. Bailey, 116 S. Ct. 501 (1995), we conclude such an issue is presented.

In Bailey, the Supreme Court held that a section 924(c) conviction for "use" of a firearm during and in relation to a drug trafficking offense requires proof of "active employment of the firearm." Id. at 506. Because the district court has not had an opportunity to consider the effect of Bailey on Manjarrez-Padilla's section 924(c) conviction, we remand so the district court may do so. Finally, we have found no other nonfrivolous issues.

**GALINDO**

Galindo pleaded guilty to conspiracy to distribute marijuana, cocaine, and methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846, and criminal forfeiture, in violation of 21 U.S.C. § 853. At sentencing, Galindo objected to the probation officer's failure to recommend an additional one-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(b)(2), and a mitigating-role reduction under U.S.S.G. § 3B1.2. The court

-3-

overruled Galindo's objections, adopted the PSR, and sentenced Galindo to 151 months imprisonment and five years supervised release, and ordered him to pay a $2,000 fine. On appeal, Galindo argues that the district court erred by denying him an additional point for acceptance of responsibility, and by denying him a mitigating-role reduction based solely on a dismissed firearm count.

The Guidelines permit a district court to reduce a defendant's offense level by two levels "[i]f the defendant clearly demonstrates acceptance of responsibility for his offense." U.S.S.G. § 3E1.1(a). Section 3E1.1(b)(2) permits a further one- level reduction when a defendant qualifies for the two-level reduction under section 3E1.1(a), the defendant's offense level is 16 or greater, and "the defendant has assisted authorities in the investigation or prosecution of his own misconduct by . . . timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the court to allocate its resources efficiently." Here, Galindo did not plead guilty until the eve of trial, thus forcing the government to expend significant time and expense in preparing for trial. We disagree with Galindo that his plea was timely because it was entered as soon as the district court ruled on his motion to dismiss one count of the indictment. See United States v. Narramore, 36 F.3d 845, 846 (9th Cir. 1994) (no entitlement to § 3E1.1(b)(2) reduction where defendant entered guilty plea after district court ruled on motion to dismiss indictment "on the eve of trial," and government had prepared for trial); United States v. McQuay, 7 F.3d 800, 803 (8th Cir. 1993). Accordingly, we find no error in the denial of the additional point. See United States v. Thompson, 60 F.3d 514, 517 (8th Cir. 1995) (no clear error in denial of § 3E1.1(b)(2) reduction where defendant did not timely notify government of intent to plead guilty and government "had essentially already completed its preparations for trial").

Section 3B1.2 as a whole permits "adjustment for a defendant who plays a part in committing the offense that makes him substantially less culpable than the average participant."  U.S.S.G. § 3B1.2, comment. (backg'd.).  A sentencing court must consider the defendant's role in the entire conspiracy.  See United States v. Westerman, 973 F.2d 1422, 1427-28 (8th Cir. 1992).

We reject Galindo's assertion that the district court could not consider Galindo's relevant conduct.  See United States v. Lucht, 18 F.3d 541, 556 (8th Cir.) (defendant's role in offense is based on all relevant conduct, not solely on act of conviction), cert. denied, 115 S. Ct. 363 (1994).  Moreover, the record shows that Galindo was an active participant in the conspiracy which involved a significant quantity of drugs.  Accordingly, we find no error in the denial of the mitigating-role reduction.  See United States v. Abanatha, 999 F.2d 1246, 1250 (8th Cir. 1993) (sentencing court properly denied § 3B1.2(b) reduction where defendant was active participant in drug conspiracy), cert denied, 114 S. Ct. 1549 (1994); United States v. Garvey, 905 F.2d 1144, 1146 (8th Cir. 1990) (per curiam) (district court can deny mitigating-role reduction based solely on presence of significant amount of drugs).

Thus, we affirm Galindo's sentence.  See United States v. Lublin, 981 F.2d 367, 370 (8th Cir. 1992) (affirming denial of Chapter 3 reduction on other ground "clearly supported" by the record); cf. Williams v. United States, 503 U.S. 193, 203 (1992) (remand required when district court misapplies Guidelines, unless reviewing court concludes on basis of whole record that error was harmless).

A true copy.

Attest:

     CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.