_____

No. 96-2267
_____

United States of America,    *
                             *
        Appellee,            *
                             *
    v.                       *
                             *
David Michael Lang,          *
                             *
        Appellant.           *

_____

No. 96-2623                      Appeals from the United States
_____                      District Court for the
                                 District of Minnesota.

United States of America,    *      [UNPUBLISHED]
                             *
        Appellee,            *
                             *
    v.                       *
                             *
Sandra Lee MacNeil,          *
                             *
        Appellant.           *


_____

Submitted:  December 16, 1996

Filed:  December 18, 1996
_____

Before FAGG, WOLLMAN, and MURPHY, Circuit Judges.
_____

PER CURIAM.

      In this consolidated appeal, David Lang and Sandra MacNeil
challenge the sentences imposed by the district court[1] for drug
offenses.  We affirm as to both.

_____

      [1]The Honorable David S. Doty, United States District Judge for
the District of Minnesota.

## I.   Lang

Lang pleaded guilty to distributing approximately 6.5 grams of methamphetamine, in violation of 21 U.S.C. § 841(a)(1), and was found guilty by a jury of conspiring to distribute and possess with intent to distribute more than 2,601 grams of methamphetamine, in violation of 21 U.S.C. § 846.  At sentencing, the district court assessed an enhancement for obstruction of justice under U.S. Sentencing Guidelines Manual § 3C1.1 (1995), denied a minor-participant role reduction under U.S. Sentencing Guidelines Manual § 3B1.2 (1995), and sentenced Lang to 150 months imprisonment and five years supervised release.

Based on de novo review of evidence presented at Lang's earlier bond-revocation hearing,[2] the district court found that Lang threatened a government witness prior to trial.  After carefully reviewing the record, we conclude the district court's findings in support of the section 3C1.1 enhancement were not clearly erroneous.  See United States v. Pena, 67 F.3d 153, 157 (8th Cir. 1995) (standard of review); United States v. Adipietro, 983 F.2d 1468, 1472 (8th Cir. 1993) (district court's credibility findings are virtually unassailable on appeal).

Section 3B1.2 as a whole permits a reduction "for a defendant who plays a part in committing the offense that makes him substantially less culpable than the average participant."  U.S. Sentencing Guidelines Manual § 3B1.2, comment. (backg'd.) (1995). A sentencing court must consider the defendant's role in the entire conspiracy.  See United States v. Westerman, 973 F.2d 1422, 1427-28 (8th Cir. 1992).  The record shows that Lang was an active participant in a conspiracy involving a significant quantity of drugs.  Accordingly, we find no error in the denial of the

---

[2]The Honorable J. Earl Cudd, United States Magistrate Judge for the District of Minnesota.

mitigating-role reduction.  See United States v. Abanatha, 999 F.2d 1246, 1250 (8th Cir. 1993) (sentencing court properly denied § 3B1.2(b) reduction where defendant was active participant in drug conspiracy), cert. denied, 114 S. Ct. 1549 (1994); United States v. Garvey, 905 F.2d 1144, 1146 (8th Cir. 1990) (per curiam) (district court can deny mitigating-role reduction based solely on presence of significant amount of drugs).

We reject as meritless Lang's final argument that the court abused its discretion by imposing on him a sentence that was disproportionate to his co-defendants' sentences.  See United States v. Granados, 962 F.2d 767, 774 (8th Cir. 1992).

## II.  MacNeil

MacNeil pleaded guilty to aiding and abetting another co-defendant in attempting to possess with intent to distribute methamphetamine.  The district court sentenced her to 78 months imprisonment and five years supervised release.  On appeal, MacNeil challenges only the court's refusal to depart downward under U.S. Sentencing Guidelines Manual § 5K2.12 (1995) (coercion and duress), based on her claim that she suffered from Battered Woman Syndrome and that this condition caused her participation in the offense.  The district court made it clear that it was aware of its discretion to depart but did not find departure warranted by the facts in this case.  "This court has repeatedly held that the exercise of discretion by a district court to refuse to depart downward is nonreviewable."  United States v. Trupiano, 11 F.3d 769, 776 (8th Cir. 1993).

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.