[NOT FOR PUBLICATION]

 UNITED STATES COURT OF APPEALS
 FOR THE FIRST CIRCUIT
 

No. 96-1678 

 JOSE IVAN MONTANEZ-ANAYA,

 Plaintiff, Appellant,

 v.

 UNITED STATES OF AMERICA,

 Defendant, Appellee.

 

 APPEAL FROM THE UNITED STATES DISTRICT COURT

 FOR THE DISTRICT OF PUERTO RICO

 [Hon. Hector M. Laffitte, U.S. District Judge] 

 

 Before

 Selya, Circuit Judge, 
 Cyr, Senior Circuit Judge, 
 and Lynch, Circuit Judge. 

 

Jose Montanez-Anaya on brief pro se. 
Guillermo Gil, United States Attorney, Nelson Perez-Sosa, 
Assistant United States Attorney, and Jose A. Quiles-Espinosa, Senior 
Litigation Counsel, on brief for appellee.

 

 June 20, 1997
 

 Per Curiam. Convicted on drug charges, Jose Ivan 

Montanez-Anaya appeals a district court judgment that

summarily dismissed his motion to vacate his sentence under

28 U.S.C. 2255. Appellant maintains that his defense

counsel rendered ineffective assistance by failing to have

appellant testify in support of his claim for a minor

participant adjustment under U.S.S.G. 3B1.2(b) and by

failing to seek a departure under U.S.S.G. 5H1.4 on the

ground that appellant has the human immunodeficiency virus

(HIV).1 1

 This court has thoroughly reviewed the record and the

parties' briefs on appeal. Although the district court did

not expressly address these claims, we agree that they were

properly dismissed. The testimony that appellant might have

offered at sentencing does not show that there is a

reasonable probability that he would have received a minor

participant adjustment had he testified. Moreover, none of

the cases that appellant has cited support his contention

  

 1In relevant part, 5H1.4 provides that, 1

 Physical condition ... is not ordinarily relevant
 in determining whether a sentence should be outside
 the applicable guideline range. However, an
 extraordinary physical impairment may be a reason
 to impose a sentence below the applicable guideline
 range; e.g., in the case of a seriously infirm 
 defendant, home detention may be as efficient as,
 and less costly than, imprisonment.

 -2-

that he was entitled to this adjustment as a matter of law.2 2

Defense counsel did not render constitutionally ineffective

assistance in failing to have appellant testify in support of

his request for a minor participant adjustment. 

 We further discern no error in defense counsel's failure

to seek a 5H1.4 departure. Having AIDS or being HIV+ alone

will not support such a departure absent evidence that the

defendant's condition has resulted in an "extraordinary

physical impairment." See, e.g., United States v. Rabins, 63 

F.3d 721, 728 (8th Cir. 1995), cert. denied, 116 S. Ct. 1031 

(1996); United States v. Woody, 55 F.3d 1257, 1275 (7th 

Cir.), cert. denied, 116 S. Ct. 234 (1995); United States v. 

Thomas, 49 F.3d 253, 261 (6th Cir. 1995); United States v. 

Streat, 893 F. Supp. 754, 756 (N.D. Ohio 1995). Appellant 

alleged no facts to suggest that his condition even

approaches this level of impairment.3 Defense counsel cannot 3

be faulted for failing to raise an insubstantial claim. See, 

e.g., United States v. Acha, 910 F.2d 28, 32 (1st Cir. 1990). 

  

 2To the contrary, role in the offense determinations are 2
fact-bound. See United States v. Ruiz-Del Valle, 8 F.3d 98, 
104 (1st Cir. 1993). Accord United States v. Garvey, 905 
F.2d 1144, 1146 (8th Cir. 1990); United States v. Gallegos, 
868 F.2d 711, 713 (5th Cir. 1989); United States v. 
Buenrostro, 868 F.2d 135, 137 (5th Cir. 1989), cert. denied, 
495 U.S. 923 (1990).

 3Appellant's objections to the Magistrate Judge's report 3
indicate that he is not physically ill, but rather seeks to
be released to avoid the hardships that may attend HIV
sufferers in prison. Unfortunately for appellant, this does
not provide a basis for a 5H1.4 departure.

 -3-

Accordingly, the judgment of the district court is affirmed. 

 -4-