124 F.3d 209
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
UNITED STATES of America, Appellee,
v.
Michael JOHNSON, Appellant.
 No. 97-1769.
 United States Court of Appeals, Eighth Circuit.
 Submitted Sept. 5, 1997.
Filed Sept. 10, 1997.
 
 Before FAGG, BOWMAN, and MURPHY, Circuit Judges.
 PER CURIAM.
 
 
 1
 St. Louis, Missouri narcotics officers arrested Michael Johnson and his girlfriend after discovering marijuana in luggage belonging to the two on a Greyhound bus bound for New York. Johnson later pleaded guilty to possessing more than forty-seven kilograms of marijuana with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) (1994). The District Court[1] reduced Johnson's base offense by two levels for being a "minor participant," see U.S. Sentencing Guidelines Manual § 3B1.2(b) (1995); and sentenced Johnson to twenty-four months' imprisonment and three years' supervised release. Johnson appeals, and we affirm.
 
 
 2
 Johnson argues, as he did below, that he was entitled to a four-level reduction as a "minimal participant" under U.S. Sentencing Guidelines Manual § 3B1.2(a) (1995). We conclude that the District Court did not err in denying him such a reduction. See United States v. McCarthy, 97 F.3d 1562, 1574, 1579 (8th Cir.1996) (standard of review), cert. denied, 117 S.Ct. 1011, 1284 (1997). The record shows that although Johnson was recruited by his girlfriend--who was recruited by another person--both Johnson and his girlfriend expected to be paid for transporting a relatively large amount of marijuana from California to Rhode Island. See U.S. Sentencing Guidelines Manual § 3B1.2 cmt. 2 (1995) (minimal-participant reduction is to be used "infrequently"); United States v. Garvey, 905 F.2d 1144, 1146 (8th Cir.1990) (per curiam) (participant status turns on culpability not courier status; drug quantity is relevant factor in determining culpability).
 
 
 3
 Accordingly, we affirm.
 
 
 
 [1]
 The Honorable Carol E. Jackson, United States District Judge for the Eastern District of Missouri