# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-1389

_____

United States of America,        *
       *
       Appellee,        *
       *    Appeal from the United States
       v.        *    District Court for the
       *    District of Minnesota.
Kellie Jean Lovas,        *
       *    [UNPUBLISHED]
       Appellant.        *

_____

Submitted: February 25, 2008
Filed: February 28, 2008

_____

Before WOLLMAN, RILEY, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Kellie Jean Lovas challenges the 36-month sentence that the district court[1] imposed after she pleaded guilty to conspiring to distribute cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846. For reversal, she argues that the district court clearly erred by finding that she was a minor rather than a minimal participant in the conspiracy. Having carefully reviewed the record, we affirm.

_____

[1]The Honorable Donovan W. Frank, United States District Judge for the District of Minnesota.

We cannot say that the district court clearly erred in finding that Lovas was not a minimal participant in the conspiracy. See United States v. Bustos-Torres, 396 F.3d 935, 947-48 (8th Cir. 2005) (clear-error standard of review). Lovas presented no evidence that she was unaware of the scope of the extensive drug conspiracy, which was responsible for the distribution of approximately 95 grams of crack cocaine; she facilitated the conspiracy by allowing the use of her vehicle to deal drugs; she was present at times during such drug transactions; and she benefitted from the drug proceeds, because she lived with one of her co-conspirators, the father of her child. See U.S.S.G. § 3B1.2, comment. (n.4) (minimal participant is plainly among least culpable of those involved in conduct of group; defendant's lack of knowledge or understanding of scope of enterprise and activities of others is indicative of role of minimal participant); United States v. Goodman, 509 F.3d 872, 876-77 (8th Cir. 2007) (reversing minimal-role reduction when defendant, who admitted to participating in the conspiracy, presented no evidence that he lacked knowledge or understanding of scope of conspiracy and possessed materials required to manufacture methamphetamine); United States v. Garvey, 905 F.2d 1144, 1146 (8th Cir. 1990) (per curiam) (reviewing court has upheld denial of mitigating-role reduction based solely on large amount of drugs involved).

Lovas's reliance on United States v. Westerman, 973 F.2d 1422 (8th Cir. 1992), is misplaced. In that case, the district court improperly focused on the defendant's role in one part of the conspiracy, see id. at 1427, whereas the district court here considered Lovas's role within the conspiracy as a whole.

The judgment is affirmed.

_____